UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE No. 8:19-mj-1523-T-AAS

DAVID ALLEN BOILEAU

_____

## FINDING OF PROBABLE CAUSE

THIS CAUSE came on to be heard at the time of the defendant's preliminary hearing. I requested, and the parties submitted, additional memoranda regarding probable cause of the defendant's alleged violation of 18 U.S.C. 1512(a)(2)(C), which criminalizes the threat of physical force against any person, with the intent to "hinder, delay or prevent the communication to a law enforcement officer or judge of the United States."

The criminal complaint, and its supporting affidavit, make a strong showing of a criminal violation of 42 U.S.C. 3631 based on the defendant's alleged interference with the victim's right to fair housing due to her religion and national origin. That federal criminal violation is pending and on-going.

An important witness to that offense is "L.C." He observed conduct by the defendant designed to intimidate the victim because she was occupying her house. L.C. reported his conduct to the sheriff. Within a few

days, the matter was reported to the FBI, and the victim was interviewed by an FBI special agent.

L.C. first called the sheriff on January 21, 2019, after he saw the defendant throw screws or nails onto a car parked on the victim's property (Doc. 1, p. 2, ¶4). The next day, L.C. saw the defendant illegally leaving the victim's house (id., p. 4, ¶11). The defendant approached L.C. and said he was aware that L.C. had called the sheriff and that the defendant was going to kill L.C., while making a hand gesture of a gun (id.).

The circumstances establish probable cause of a violation of 18 U.S.C. 1512(a)(2)(C). In this regard, both parties agree that § 1512(a)(2)(C) requires "a reasonable likelihood" that a relevant communication would have been made to a federal officer. Fowler v. United States, 563 U.S. 668, 670 (2011). This case involved a federal hate crime. Moreover, L.C. had important information about that crime. Consequently, there was more than a reasonable likelihood that L.C.'s information would be communicated to a federal law enforcement officer. In fact, by the time the complaint was filed L.C. had been interviewed by the FBI at least twice.

The defendant argues that probable cause is lacking because the "[c]riminal conduct under 18 U.S.C. §1512(a)(2)(C) concerns only 'anticipatory action' intended to 'prevent' future communications to federal

officials" and the defendant's alleged threat to L.C. was not forward looking, but in retaliation for L.C.'s report to law enforcement the previous day about the defendant throwing screws on the victim's property (Doc. 8, pp. 3-4, citing Fowler v. United States, 563 U.S. at 668). The argument that the defendant's threatening conduct toward L.C. was not for the purpose of intimidating and hindering L.C. from making any further statements to law enforcement is implausible. Notably, at the time of the defendant's alleged threat, L.C. had again called the police regarding the defendant's conduct toward the victim, and was waiting for law enforcement to arrive. Therefore, I find that there is probable cause supporting the charge of "[t]ampering with a witness, victim or informant by physical force or threat communication," in violation of 18 U.S.C. §1512(a)(2)(C).

DONE and ORDERED at Tampa, Florida, this 12th day of August, 2019.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE